IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLTON HARRISON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05CV417-M |
| | ) | [WO] |
| GOSPEL LIGHT PUBLICATIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

The court has reviewed the defendant's Motion to Compel Mediation/Arbitration, filed on 4 May 2005 (Doc. # 5), and the plaintiff's response to the motion, filed on 27 May 2005 (Doc. #9).  It appears that neither party disputes the provision in the agreement that requires the parties to mediate disputes arising from the agreement.[1]  However, the parties differ on (1) whether mediation is "binding",[2] and (2) whether the fraud alleged by the

---

[1] The court shares the plaintiff's articulated concerns, however, regarding the "binding" effect of a mediation or the extent of finality of "the decision of the mediator".  Usually, mediators do not *make decisions*, they merely facilitate the parties' agreement.  In any case, this order should be interpreted by the parties with the following understandings: (1) the court recognizes a difference between mediation and arbitration; (2) the court does not contemplate any decision-making by a mediator, binding or otherwise; (2) this order is limited to mediation.

[2] Paragraph 15 of the agreement provides, in pertinent part, as follows:

> "In the event that a resolution cannot be reached through mediation, either party may file for binding arbitration under the rules of the American Arbitration Association.  The parties agree that the decision of the mediator or arbitrator shall be final and may be entered as a

plaintiff in Count II of the complaint is an appropriate subject matter for mediation or arbitration.

Given the parties' acknowledgment that they at least contemplated mediation of disputes and inasmuch as their agreement provides for a mediation structure, it is ORDERED as follows:

1. The motion to compel mediation  - and mediation only -  is GRANTED.

2. The parties shall confer and schedule mediation of their dispute on or before 1 August 2005, and they are encouraged to attempt to resolve their dispute through this means.

3. The parties shall jointly notify the Clerk of the court of the outcome of mediation on or before 18 August 2005.

4. The motion to compel arbitration is DENIED at this time.  If the parties are unable to settle their dispute through mediation, the defendant is hereby granted leave to refile its motion to compel arbitration on or before 1 September 2005.

DONE this 5th day of July, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

judgment in any court of competent jurisdiction and enforced accordingly."

(Doc. # 9, Exhibit A)